HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROWDY DANE BROCK,<br><br>    Plaintiff,<br><br>    v.<br><br>WASHINGTON STATE DEPARTMENT<br>OF CORRECTIONS, et al,<br><br>    Defendants. | Case No. C08-5167RBL<br><br>ORDER |

THIS MATTER comes on before the above-entitled Court upon Defendants Oregon State Department of Corrections and Max Williams' Motion to Dismiss [Dkt. #18] and upon Plaintiff's Motion for Leave to File an Amended Complaint [Dkt. #23]. Having considered the entirety of the records and file herein, the Court finds and rules as follows:

**I. BACKGROUND**

Plaintiff filed a complaint against the Oregon Department of Corrections and its Director, Max Williams, among others. In this complaint he alleges that as to the Oregon defendants, they failed to properly supervise an Oregon parolee, and that they failed to properly enter the warrant for the parolee into the National Crime Information Computer. Plaintiff alleges that as a result of the Oregon defendants' negligence, the Oregon parolee (a Ms. Lathrop, who was plaintiff's girlfriend) and he were involved in a domestic violence incident in Washington which culminated in his arrest, conviction and incarceration for state probation violations. He alleges that somehow the Oregon defendants alleged negligence violated his

right to due process under the United States Constitution. Plaintiff's claims are based on 42 U.S.C. §1983. He seeks monetary and declaratory relief.

## II. DISCUSSION

### 1. Oregon Department of Corrections and Director Max Williams' Motion to Dismiss.

Oregon Department of Corrections and Max Williams move to dismiss plaintiff's complaint against them on three bases: (1) lack of personal jurisdiction; (2) both are protected by Eleventh Amendment immunity, and; (3) they are not "persons" for purposes of 42 U.S.C. §1983.

#### a. Motion to Dismiss Based on the Lack of Personal Jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

Plaintiff has the burden of proof to establish the necessary facts to establish personal jurisdiction. *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). "Jurisdiction must comport with the state long-arm statute, and with the constitutional requirement of due process. Because the Washington long-arm statute reaches as far as the Due Process Clause, all [the Court] need analyze is whether the exercise of jurisdiction would comply with due process." *Omoluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 269 (9th Cir. 1995) (internal citation omitted). "The Due Process Clause protects an individuals liberty interest in not being subject to binding judgments of a forum with which he has established no meaningful 'contacts, ties or relations.'" *Burger King v. Rudzewicz* 471 U.S. 462, 471-72 (1985), *quoting International Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945).

To exercise personal jurisdiction over a non-residential defendant, due process requires that such defendant "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe*, 326 U.S., at 316 (internal quotations omitted). That standard is satisfied if the non-resident defendant's connection to, and conduct within, the forum state is such that "he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

In his complaint, plaintiff alleges that the Oregon Department of Corrections did not "properly supervise Lathrop." He apparently alleges Max Williams is liable based on the theory of respondeat superior.

Plaintiff cannot make a prima facie showing of the requisite contacts with Washington in order to establish personal jurisdiction over the Oregon defendants. *See Harris Rutsky & Co. Ins. Services Inc., v.*

*Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003). Plaintiff freely admits in his response to the motion that defendants did not take any direct action in Washington; rather, plaintiff's jurisdictional theory is based on the inaction of defendants. In *Adden v. Middlebrooks*, 688 F.2d 1147 (7th Cir. 1982) the court held that the Illinois District Court did not have personal jurisdiction over Louisiana prison officials for the tortious acts of a Louisiana prison escapee in Illinois. The Court reasoned that the Louisiana prison officials "did not purposefully conduct any activities within Illinois nor could they reasonably anticipate being forced to defend a negligence suit there. An escaped prisoner might flee to virtually any state and commit a tortious act there." *Id.*, at 1156; *See also Perez Bustillo v. State*, 718 S.W.2d 844, 847 (Tex. App. 1986) (same).

Here, the defendants are not alleged to have taken any action in Washington. Ms. Lathrop was an absconder from Oregon. The Oregon Department of Corrections and Max Williams could not reasonably anticipate being haled into court in Washington. To permit plaintiff to do so would "offend traditional notions of fair play and substantial justice." *International Shoe*, 326 U.S., at 316. Defendants' Motion to Dismiss for lack of personal jurisdiction shall be **GRANTED**.

### b. The Suit is Barred by the Eleventh Amendment and Defendants Are Not "Persons for Purposes of 42 U.S.C. §1983.

Defendants also move to dismiss the complaint based on Eleventh Amendment immunity and because they are not "persons" for purposes of 42 U.S.C. §1983. For the reasons set forth in the motion the Defendants' Motion to Dismiss based on the Eleventh Amendment and 42 U.S.C. §1983 shall be **GRANTED**.

### III. PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Plaintiff seeks permission to file an amended complaint. He is correct that leave to do should be freely given when justice so requires. Fed. R. Civ. P. 15(a). However, because plaintiff has not filed a proposed amended complaint nor has he explained what his intended amendments entail, this Court cannot rule on the propriety of the amended complaint. Plaintiff's Motion for Leave to File an Amended Complaint shall be **DENIED WITHOUT PREJUDICE**. If plaintiff still wishes to file an amended complaint, he shall include the proposed amended complaint as a separate document to his renewed motion.

## IV. CONCLUSION

This Court lacks personal jurisdiction over defendants Oregon Department of Corrections and Max Williams. Furthermore, plaintiff's suit against these two defendants is barred by the Eleventh Amendment. Additionally, defendants Oregon Department of Corrections and Max Williams are not "persons" for purposes of 42 U.S.C. §1983. Defendants' Motion to Dismiss [Dkt. #18] is **GRANTED**. Oregon Department of Corrections and Max Williams are hereby **DISMISSED** from this suit.

Plaintiff's Motion for Leave to File an Amended Complaint [Dkt. #23] is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing pro se.

Dated this 15th day of October, 2008.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE