HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROWDY DANE BROCK,

    Plaintiff,

v.

WASHINGTON STATE DEPARTMENT
OF CORRECTIONS, et al,

    Defendants.

Case No. C08-5167RBL

ORDER

THIS MATTER comes on before the above-entitled Court upon Defendant Bill Jeffreys' Motion for Summary Judgment [Dkt. #39] and upon Plaintiff's Motion for Leave to Amend Complaint [Dkt. #42]. Having considered the entirety of the records and file herein, the Court finds and rules as follows:

## I. BACKGROUND

Plaintiff filed a complaint against Bill Jeffreys, a Multnomah County Department of Community Justice Parole and Probation Officer, among others. In this complaint he alleges that Jeffreys failed to properly supervise an Oregon parolee and failed to properly enter the warrant for the parolee into the National Crime Information Computer. Plaintiff alleges that as a result of Jeffreys' negligence, the Oregon parolee (a Ms. Lathrop, who was plaintiff's girlfriend) and he were involved in a domestic violence incident in Washington which culminated in plaintiff's arrest, conviction and incarceration for state probation violations. Plaintiff alleges that somehow Jeffreys' alleged negligence violated his right to due process under the United States Constitution. Plaintiff's claims are based on 42 U.S.C. §1983. He seeks monetary

and declaratory relief.

## II. DISCUSSION

### 1. Jeffreys' Motion for Summary Judgment.

Defendant Jeffreys moves for summary judgment on the ground that this Court lacks personal jurisdiction over him.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

Plaintiff has the burden of proof to establish the necessary facts to establish personal jurisdiction. *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). "Jurisdiction must comport with the state long-arm statute, and with the constitutional requirement of due process. Because the Washington long-arm statute reaches as far as the Due Process Clause, all [the Court] need analyze is whether the exercise of jurisdiction would comply with due process." *Omoluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 269 (9th Cir. 1995) (internal citation omitted). "The Due Process Clause protects an individual's liberty interest in not being subject to binding judgments of a forum with which he has established no meaningful 'contacts, ties or relations.'" *Burger King v. Rudzewicz* 471 U.S. 462, 471-72 (1985), *quoting International Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945).

To exercise personal jurisdiction over a non-residential defendant, due process requires that such defendant "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe*, 326 U.S., at

316 (internal quotations omitted). That standard is satisfied if the non-resident defendant's connection to, and conduct within, the forum state is such that "he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Plaintiff cannot make a prima facie showing of the requisite contacts with Washington in order to establish personal jurisdiction over defendant Jeffreys. *See Harris Rutsky & Co. Ins. Services Inc., v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003). Plaintiff freely admits in his response to the motion that Jeffreys did not take any direct action in Washington; rather, plaintiff's jurisdictional theory is based on the inaction and negligence of Jeffreys. In *Adden v. Middlebrooks*, 688 F.2d 1147 (7th Cir. 1982) the court held that the Illinois District Court did not have personal jurisdiction over Louisiana prison officials for the tortious acts of a Louisiana prison escapee in Illinois. The Court reasoned that the Louisiana prison officials "did not purposefully conduct any activities within Illinois nor could they reasonably anticipate being forced to defend a negligence suit there. An escaped prisoner might flee to virtually any state and commit a tortious act there." *Id.*, at 1156; *See also Perez Bustillo v. State*, 718 S.W.2d 844, 847 (Tex. App. 1986) (same).

Here, defendant Jeffreys is not alleged to have taken any action in Washington. Ms. Lathrop was an absconder from Oregon. Jeffreys could not reasonably anticipate being haled into court in Washington. To permit plaintiff to do so would "offend traditional notions of fair play and substantial justice." *International Shoe*, 326 U.S., at 316. Defendant Jeffreys' Motion for Summary Judgment based on the lack of personal jurisdiction shall be **GRANTED**.

### 2. <u>Plaintiff's Motion for Leave to Amend Complaint.</u>

Plaintiff seeks leave to amend his complaint. The proposed amended complaint is a more detailed version of his original complaint, and as such, amendment is proper. However, the proposed amended complaint seeks to add two new parties[1] Multnomah County and Multnomah County Department of Community Justice. For the reasons stated in Section I.1. of this Order and in this Court's prior Order granting Defendants Oregon Department of Corrections and Max Williams' Motion to Dismiss [Dkt. #36], this Court lacks jurisdiction over Multnomah County and Multnomah County Department of Criminal

---

[1] Plaintiff's memorandum in support of his motion indicates that he is attempting to add a third new party, Scott Taylor, the Director of DCJ. However, the heading nor the body of the proposed amended complaint includes Scott Taylor.

Justice. Therefore, plaintiff's attempt to amend his complaint and add the new defendants is futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Moore v. Kayport Package Exp., Inc.,* 885 F.2d 531, 538 (9th Cir. 1989).

Plaintiff may amend his complaint to the extent it merely clarifies his claims. He may not add as parties Multnomah County and Multnomah County Department of Community Justice. Plaintiff shall file his amended complaint in accordance with this Order as a separate document within five (5) days of entry of this Order.

### III. CONCLUSION

Defendant Bill Jeffreys' Motion for Summary Judgment [Dkt. #39] is **GRANTED**. Bill Jeffreys is **DISMISSED** from this suit. Plaintiff's Motion for Leave to Amend Complaint [Dkt. #42] is **GRANTED IN PART AND DENIED IN PART.**

**IT IS SO ORDERED.**

The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing pro se.

Dated this 21st day of November, 2008.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE